**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Alfredo VILLAFUERTE–RODRIGUEZ,**
**also known as Alfredo Rodriguez–**
**Villafuerte, Defendant–Appellant.**

No. 07–40841
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 24, 2008.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM: \*

In the light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Alfredo Villafuerte–Rodriguez challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This contention is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See United States v. Pineda–Arrellano,* 492 F.3d 624, 625 (5th Cir.2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 872, 169 L.Ed.2d 737 (2008).

Villafuerte also seeks our remanding for correction of a clerical error in the judgment, pursuant to Federal Rule of Criminal Procedure 36. The Government joins this request. This matter is remand for the limited purpose of correcting the judgment to reflect that Villafuerte was found guilty after a plea of not guilty. *See* FED. R.CRIM.P. 36.

AFFIRMED; REMANDED FOR THE LIMITED PURPOSE OF CORRECTING CLERICAL ERROR IN JUDGMENT.

---

\* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.